IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

BYRON PROSISE,

    Plaintiff,

v.                                                          C.A. No.: 6:19-cv-556

PETRO SAFETY SERVICES, LLC, and
JAMES LAMONTE,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BYRON PROSISE (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, PETRO SAFETY SERVICES, LLC, and JAMES LAMONTE (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, PETRO SAFETY SERVICES, LLC, has offices Smith County, Texas.

## THE PARTIES

4. Plaintiff, BYRON PROSISE, is an individual residing in Williamson County, Texas.

5. Plaintiff, BYRON PROSISE, was employed by Defendants from June of 2016 through July of 2019, as a "Safety Supervisor" at the rate of $525.00 per day.

6. Defendant, PETRO SAFETY SERVICES, LLC, is a limited liability company existing under the laws of the State of Texas and maintains offices in Smith County, Texas.

7. Defendant, PETRO SAFETY SERVICES, LLC, is a company that primarily operates a safety consulting and training services business and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, JAMES LAMONTE, is an individual residing in Smith County, Texas.

9. Defendant, JAMES LAMONTE, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, PETRO SAFETY SERVICES, LLC, in relationship to Plaintiff's employment and is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, JAMES LAMONTE, (1) possessed the power to hire and fire the company's employees, (2) supervised and controlled the company's employee work schedules or conditions of employment, (3) determined the rate and method of payment of the company's employees, and (4) maintained employment records.

11. Defendant, PETRO SAFETY SERVICES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, PETRO SAFETY SERVICES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00 and had employees who handled goods in interstate commerce.

13. At all times material to this complaint, Defendant, PETRO SAFETY SERVICES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were Plaintiff's employers, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## **VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

15. Plaintiff 1) occupied the position of "Safety Supervisor;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on a day rate basis.

16. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

17. Plaintiff was not paid for his overtime work in accordance with the FLSA.

18. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

19. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

20. The work schedules for the Plaintiff required him to an average of 100

hours in a workweek on a regular and recurring basis. Plaintiff's regular and recurring schedule required him to work 16 hours per day, 14 days on, 14 days off.

21. Defendants' policy of not properly paying overtime is company-wide and was willful.

22. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

23. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

24. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

25. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, BYRON PROSISE, demands Judgment against Defendants, jointly and severally, for the following:

    a.    Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

  b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

  c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

  d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, BYRON PROSISE, demands a jury trial on all issues so triable.

Respectfully submitted this November 15, 2019.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810

        **ATTORNEYS FOR PLAINTIFF**